IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CROSTHWAIT PLANTING COMPANY, and                                    PLAINTIFFS
A.E. CROSTHWAIT FARMING AND
PLANTING INC.

V.                                                   CIVIL ACTION NO. 4:17-CV-141-SA-JMV

CHARLES E. SNIPES, and
ARMTECH INSURANCE SERVICES, INC.                                    DEFENDANTS

ORDER AND MEMORANDUM OPINION

Plaintiffs Crosthwait Planting Company, and A.E. Crosthwait Farming and Planting Inc. originally filed this case in the Circuit Court of Washington County, Mississippi. The Defendants, Charles E. Snipes and Armtech Insurance Services, Inc. removed the case to this Court premising federal jurisdiction on the basis of diversity of citizenship. *See* Notice of Removal [1]. The Parties are not diverse. Both of the Plaintiffs are citizens of Mississippi, and Defendant Snipes is also a citizen of Mississippi. Despite this lack of diversity, the Defendants nevertheless claim removal is proper, arguing that Defendant Snipes was improperly joined for the express purpose of defeating diversity jurisdiction. Now before the Court is the Plaintiffs' Motion to Remand [5] this case to the Circuit Court, and two separate Motions to Dismiss Armtech [9], and Snipes [12]. The issues are fully briefed and ripe for review. The Court will take up the jurisdictional issue first, and then proceed to the motions to dismiss if necessary.

*Diversity Jurisdiction & Improper Joinder*

"Improper joinder can be established in two ways: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Davidson v. Georgia-Pac., L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) (citing *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 (5th Cir. 2013) (internal quotations

and alteration omitted)). Only the second situation is an issue in this case. The applicable test "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Davidson*, 819 F.3d at 765 (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)).

"*Smallwood* sets out the procedure for determining whether, in the absence of actual fraud, a nondiverse defendant was improperly joined." *Davidson*, 819 F.3d at 765; s*ee Mumfrey*, 719 F.3d at 401. "First, a court looks at the allegations contained in the complaint. *See id.* If a plaintiff can survive a Rule 12(b)(6) challenge for failure to state a claim, there is ordinarily no improper joinder." *Davidson*, 819 F.3d at 765 (citing *Mumfrey*, 719 F.3d at 401; *Smallwood*, 385 F.3d at 573). When "a complaint states a claim that satisfies 12(b)(6), but has 'misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.'" *Id.* (quoting *Smallwood,* 385 F.3d at 573). "[T]he decision regarding the procedure necessary in a given case must lie within the discretion of the trial court." *Id*.

"The burden of persuasion on those who claim [improper] joinder is a heavy one." *Davidson*, 819 F.3d at 765 (citing *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003)). With that in mind, the Court views "all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff" and resolves "[a]ny contested issues of fact and any ambiguities of state law" in the plaintiff's favor. *Davidson*, 819 F.3d at 765. It "is insufficient that there be a mere theoretical possibility of recovery; to the contrary, there must at least be arguably a reasonable basis for predicting that state law would allow recovery in order to

preclude a finding of fraudulent joinder." *Walton v. Tower Loan of Miss.*, 338 F. Supp. 2d 691, 692–93 (N.D. Miss. 2004) (citing *Travis*, 326 F.3d at 648; *Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 386 (5th Cir. 2000) (internal quotations omitted)). Moreover, the Court must "take into account the 'status of discovery' and consider what opportunity the plaintiff has had to develop its claims against the non-diverse defendant." *Davidson*, 819 F.3d at 765 (citing *McKee v. Kan. City S. Ry. Co.*, 358 F.3d 329, 334 (5th Cir. 2004) (quoting *Travis*, 326 F.3d at 649)).

*Discussion and Analysis*

The Plaintiffs in this case are corporations engaged in cotton growing. In crop year 2013, the Plaintiffs acquired Multi-Peril Crop Insurance policies through Defendant insurance provider Armtech. During that crop year, the Plaintiffs allege that they sustained losses to their cotton crops in excess of $400,000.00. The Plaintiffs filed claims with Armtech for these losses. In January of 2014, Armtech informed the Plaintiffs that their claims were being treated as "controversial claims", and gave the Plaintiffs an opportunity to provide additional information and documentation about the crop which the Plaintiffs provided. Armtech subsequently informed the Plaintiffs that it was retaining independent expert Charles Snipes to assist in the evaluation of the Plaintiffs' claims. The Plaintiffs' claims were eventually denied for failure to "employ good farming practices in the care, maintenance, and husbandry of the insured crop."

In their Complaint [1-1], the Plaintiffs assert claims for fraud, civil conspiracy, fraudulent misrepresentation, gross negligence, malice, and misrepresentation against Snipes. The Plaintiffs allege that Snipes failed to discharge his duties in accordance with any applicable standard, was grossly negligent in the preparation of his report, conspired with Armtech to falsify his report in order to ensure that the claims were denied, and fraudulently represented that he did not have a business relationship with Armtech. The Plaintiffs further allege that Snipes made false

representations and conspired with Armtech to deny the claims for his own personal financial benefit.

The Defendants assert two arguments in opposition to remand. First, they argue that there is no basis in Mississippi law for a claim or liability against Defendant Snipes. Second, the Defendants argue that even if there was a basis for liability, the Plaintiffs failed to allege specific facts sufficient to support a claim against him.

The Mississippi Supreme Court, and this Court, have addressed this issue on several occasions. Starting with *Bass v. California Life Ins. Co.*, and continuing to *Gallagher Bassett Servs., Inc. v. Jeffcoat*, the Supreme Court has held that

> an insurance adjuster, agent or other similar entity may not be held independently liable for simple negligence in connection with its work on a claim. Such an entity may be held independently liable for its work on a claim if and only if its acts amount to any one of the following familiar types of conduct: gross negligence, malice, or reckless disregard for the rights of the insured.

*Gallagher Bassett Servs., Inc. v. Jeffcoat*, 887 So. 2d 777, 784 (Miss. 2004) (citing *Bass v. California Life Ins. Co.*, 581 So. 2d 1087 (Miss. 1991)).

This standard of course raises the question of who qualifies as a "similar entity". "The Fifth Circuit has generally applied the standard from *Gallagher* to professionals with whom the insurance company has a paid or contractual relationship" including independent engineers, physicians, and experts. *Chapman v. Coca-Cola Bottling Co.*, No. 4:08-CV-49-HTW, 2011 WL 13192698, at *7 (S.D. Miss. Aug. 31, 2011). In a factually similar case directly on point, *LC Farms, Inc. v. McGuffee*, this Court found a reasonable basis upon which plaintiff might be able to support a finding of liability against an insurance adjuster that allegedly falsified a report resulting in the denial of a crop insurance claim. No. 2:12-CV-165-SA, 2012 WL 5879433, at *5 (N.D. Miss. Nov. 21, 2012).

The Defendants attempt to distinguish *LC Farms* by arguing that "implicit in the *Bass* holding was the Court's recognition that the administrator in that case had the authority to pay or deny claims without the prior approval of the insurer." This Court reads no such holding, express or implied, in *Bass*, or any of the other cases interpreting the standard. The Court also notes that "all ambiguities in the controlling state law are resolved in favor of the non-removing party." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 204 (5th Cir. 2016).

As to the relevant factual allegations, as noted above the Plaintiffs allege Snipes was grossly negligent in the preparation of his report, conspired with Armtech to falsify his report in order to ensure that the claims were denied, and fraudulently represented that he did not have a business relationship with Armtech. The Plaintiffs further allege that Snipes made false representations and conspired with Armtech to deny the claims for his own personal financial benefit. These are precisely the types of intentional conduct contemplated by the standard articulated in *Bass* and *Gallagher*. In addition, the Plaintiffs support these arguments with at least some evidence that Snipes review and analysis of their claims was flawed, and that an independent review of their claims by the Jackson Regional Office of the USDA not only reached the opposite result, but indicated that there were problems with Snipes' review. The Plaintiffs have also brought forth evidence that Snipes' investigation failed to meet basic industry requirements. This evidence when coupled with evidence that Snipes potentially gained financially from the denial of the claims could lead a reasonable jury to conclude that Snipes' actions were not merely negligent.

In light of the above precedents, and given these allegations viewed "in the light most favorable to the plaintiff" the Court finds that there is "arguably a reasonable basis for predicting that state law would allow recovery" without deciding whether the Plaintiff might ultimately

prevail on the merits. *Davidson*, 819 F.3d at 765; *Walton*, 338 F. Supp. 2d at 692–93; (citing *Travis*, 326 F.3d at 648; *Badon*, 224 F.3d at 386).

Because the removing defendants failed to carry their "heavy burden" of persuasion as to improper joinder, the Court finds that Defendant Snipes was not improperly joined, the Parties are not diverse in this case, and remand to the Circuit Court is appropriate. *See Davidson*, 819 F.3d at 765 (citing *Travis*, 326 F.3d at 649).

*Conclusion*

For all of the reasons fully discussed above, the Plaintiffs' Motion to Remand [5] is GRANTED, and the Clerk of Court is directed to take all steps necessary to REMAND this case to the Circuit Court of Washington County, Mississippi. This CASE is CLOSED.

It is so ORDERED on this the 18th day of September, 2018.

/s/ Sharion Aycock
UNITED STATES DISTRICT COURT JUDGE